Singh v. Garland

BIA
Palmer, IJ
A208 203 368

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

PRESENT:
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**KULDEEP SINGH,**
> *Petitioner,*

**v.**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

22-6447

NAC

_____

**FOR PETITIONER:** Anas J. Ahmed, Pannun The Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Richard Zanfardino, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kuldeep Singh, a native and citizen of India, seeks review of an August 15, 2022 decision of the BIA affirming a May 23, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuldeep Singh*, No. A 208 203 368 (B.I.A. Aug. 15, 2022), *aff'g* No. A 208 203 368 (Immigr. Ct. N.Y.C. May 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual

findings, including adverse credibility determinations, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

Singh alleged that followers of Gurmeet Ram Rahim assaulted and threatened him because of his work for the Shiromani Akali Dal Mann Party (the "Mann Party"). Substantial evidence supports the agency's adverse credibility determination.

First, Singh's testimony was inconsistent with a letter from the president of the Mann Party. In the letter, the president wrote that Singh was attacked on two or three occasions, and that Gurmeet Ram Rahim's followers attacked and threatened to kill both Singh and his father. Singh's written application identified two attacks that he suffered, but did not mention a third attack or any threats or attacks on his father, and he testified that he had no knowledge of threats or attacks on his father. The agency was not compelled to accept Singh's explanation that his father may have told the Mann Party president about threats and attacks that he had not told Singh about. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Singh characterizes this as an omission and asserts that it is tangential and thus insufficient to call his credibility into question; however, the agency may rely on

4

the cumulative effect of even minor or tangential inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks omitted)). Singh's testimony that he did not know of any threats to or attacks on his father was inconsistent with the president's letter and indicated a lack of knowledge of the contents of his own evidence. Singh also failed to explain convincingly the Mann Party president's reference to him as "son." His claim on appeal that the reference was loving and cultural rather than literal is plausible. But he did not provide that explanation to the agency when asked, and given Singh's overall lack of familiarity with the letter, the IJ's questioning of the language was reasonable.

Second, Singh testified that Gurmeet Ram Rahim started his own religion called "Instha" but there is no reference to such a religion in Singh's written statement or in the country conditions evidence. Singh has not explained why he testified that Rahim created a religion called Instha, nor has he documented that any such religion exists.

The adverse credibility determination is bolstered by the lack of reliable

corroboration for Singh's testimony. The IJ reasonably determined that Singh's corroborating evidence merited minimal weight and failed to rehabilitate his claim or otherwise satisfy his burden of proof. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

In support of his application, Singh submitted a letter from the president of the Mann Party and affidavits from his father, his neighbor, a friend, his mother, and a municipal corporator. He also submitted country conditions evidence, a copy of Gurmeet Ram Rahim's Wikipedia page, and a copy of medical records confirming treatment following the two alleged attacks.

The IJ reasonably gave minimal weight to the party president's letter because, as stated above, it contained information that conflicted with Singh's written statement and testimony. Further, the IJ reasonably gave minimal weight to the affidavits because Singh admitted that none of the declarants witnessed his attacks and that only his father had any firsthand knowledge of the described events. Nor did the IJ err in giving minimal weight to a letter confirming medical treatment after the attacks, as the evidence summarized treatment provided years

6

earlier. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the discrepancies among Singh's written testimony, statement, and supporting documentation as well as the lack of reliable corroboration of his allegations, constitute substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of all relief. *See Hong Fei Gao*, 891 F.3d at 76. Moreover, as the Government points out, Singh has not challenged the BIA's conclusion that he waived his CAT claim. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court